IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

SUSIE BRAWHAW, BY AND THROUGH
MAGNOLIA HAYS, NEXT FRIEND, FOR
THE USE AND BENEFIT OF SUSIE BRAWHAW,                    PLAINTIFF,

VS.                                                      CIVIL ACTION NO. 2:06CV194-P-B

MARINER HEALTH CARE, INC., ET AL.,                       DEFENDANT.

**PARTIAL FINAL JUDGMENT**

This matter comes before the court upon Defendants Boyd P. Gentry, J.D. Lee, III, Peggy A. Mingee, Amanda R. Kirk, and Durren Westbrooke's motion to dismiss [15-1]. After due consideration of the motion and the response filed thereto, the court finds as follows, to-wit:

In deciding a motion to dismiss under Rule 12(b)(6), the district court accepts as true those well-pleaded factual allegations in the complaint. *C.C. Port, Ltd. v. Davis-Penn Mortgage Co.*, 61 F.3d 288, 289 (5th Cir.1995). Taking the facts alleged in the complaint as true, "if it appears certain that the plaintiff cannot prove any set of facts that would entitle it to the relief it seeks," dismissal is proper. *Id.* It must appear beyond doubt that the plaintiff "can prove no set of facts in support of his claim which would entitle him to relief." *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir.1995) The complaint must be liberally construed, with all reasonable inferences drawn in the light most favorable to the plaintiff. *Sloan v. Sharp*, 157 F.3d 980, 982 (5th Cir.1998). "However, we will not strain to find inferences favorable to the plaintiff[]." *Southland Securities Corp. v.*

*INSpire Ins. Solutions, Inc.*, 365 F.3d 353, 361 (5th Cir.2004).

Pursuant to the Mississippi Supreme Court's recent decision in *Howard v. Estate of Harper ex rel. Harper,* 947 So.2d 854 (Miss. 2006), the nursing home licensee and administrator defendants seek dismissal with prejudice of all of the plaintiff's claims against them; namely, negligence, gross negligence, medical malpractice, fraud, and breach of fiduciary duty. However, after the instant motion to dismiss was filed and while it was still pending, the plaintiff was given leave by the court to file an Amended Complaint which does not levy claims against the licensee and administrator defendants. Thus, the motion to dismiss is moot insofar as it seeks dismissal. The question remains whether the dismissal should be with or without prejudice.

Having reviewed the matter, this court concludes that the holdings in *Howard* clearly bar the original complaint's claims of negligence, gross negligence, fraud, medical malpractice, and breach of fiduciary duty against the licensee and administrator defendants. It is undisputed that the *Howard* case was substantially similar to that at bar and that both cases involve the same plaintiff counsel. The plaintiff has not argued that there is any substantial difference in the instant case that would preclude application of *Howard* upon all of the aforesaid claims.

Therefore, the defendants have met their burden under Rule 12(b)(6) standards in demonstrating that it is beyond doubt that the plaintiff "can prove no set of facts in support of h[er] claim[s] which would entitle h[er] to relief" and therefore her claims against the licensee and administrator defendants should be dismissed with prejudice.

**IT IS THEREFORE ORDERED AND ADJUDGED** that:

(1) Defendants Boyd P. Gentry, J.D. Lee, III, Peggy A. Mingee, Amanda R. Kirk, and Durren

Westbrooke's motion to dismiss [15-1] is **GRANTED**; and

(2) All of the original complaint's claims against Boyd P. Gentry, J.D. Lee III, Peggy A. Mingee, Amanda R. Kirk, and Durren Westbrooke are **DISMISSED WITH PREJUDICE**.

**SO ORDERED** this the 9th day of April, A.D., 2007.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE