**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**DELTA DIVISION**

**SUSIE BRAWHAW, BY AND THROUGH**
**MAGNOLIA HAYS, NEXT FRIEND, FOR**
**THE USE AND BENEFIT OF SUSIE BRAWHAW,**                    **PLAINTIFF,**

**VS.**                                        **CIVIL ACTION NO. 2:06CV194-P-B**

**MARINER HEALTH CARE, INC., ET AL.,**                        **DEFENDANT.**

**<u>ORDER</u>**

These matters come before the court upon Plaintiffs' omnibus Exclusionary Motion in Limine [89], Exclusionary Motion in Limine Regarding Other Suits Filed [90], Motion in Limine Concerning Attorney Advertising [92], and Motion in Limine to Exclude Evidence Regarding the Family of Susie Brawhaw [91]. After due consideration of the motions, the court finds as follows, to-wit:

The motions seeking exclusion of any reference to attorney advertising and other suits filed should be denied as moot since those are covered by the plaintiff's first motion in limine.

In her first motion in limine, the plaintiff seeks to prevent defense counsel and defense witnesses from referring to fifteen different categories of information during voir dire and/or trial. The defendants did not file a response to this motion. Rather than analyzing each and every category, the court concludes that exclusion of each category of information is already covered by the Federal Rules of Evidence, Federal Rules of Civil Procedure, and trial protocol. Therefore, the plaintiff's omnibus motion in limine [89] should be granted.

In their final motion in limine, the plaintiff seeks exclusion of any arguments that the plaintiff's family members were at fault for placing Ms. Brawhaw in the subject nursing home, or

were at fault for not removing her from the facility, or had a duty to protect Ms. Brawhaw while in the facility. The plaintiff argues that such arguments would be irrelevant and unfairly prejudicial. In their response, the defendants concede that they do not intend to argue that Ms. Brawhaw's family were at fault for leaving her in the nursing home. However, the defendants argue that they should be allowed to cross-examine Ms. Brawhaw's family members on any issue related to their decision to place her in the defendants' nursing home and allowing her to remain there for thirteen years. The court agrees that cross-examination regarding why the family chose not to remove Ms. Brawhaw from the facility for thirteen years is relevant and is not unfairly prejudicial or confusing.

**IT IS THEREFORE ORDERED AND ADJUDGED** that:

(1) Plaintiff's omnibus Exclusionary Motion in Limine [89] is **GRANTED**;

(2) Plaintiff's Exclusionary Motion in Limine Regarding Other Suits Filed [90] is **DENIED AS MOOT**;

(3) Plaintiff's Motion in Limine Concerning Attorney Advertising [92] is **DENIED AS MOOT**; and

(4) Plaintiff's Motion in Limine to Exclude Evidence Regarding the Family of Susie Brawhaw [91] is **DENIED**.

**SO ORDERED** this the 14th day of May, A.D., 2008.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE