IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

THE ESTATE OF SUSIE BRAWHAW, BY AND
THROUGH MAGNOLIA MAYS, ADMINISTRATRIX
OF THE ESTATE OF SUSIE BRAWHAW, FOR THE USE
AND BENEFIT OF THE WRONGFUL DEATH
BENEFICIARIES OF THE ESTATE OF SUSIE BRAWHAW

PLAINTIFF

v.                                                                                CIVIL ACTION
NO. 2:06-CV-194-WAP-SAA

MARINER HEALTH CARE, INC. F/K/A MARNIER
POST-ACUTE NETWORK, INC.; MARINER HEALTH CENTRAL INC.;
NATIONAL HERITAGE REALTY, INC.; MARNIER
HEALTH CARE MANAGEMENT COMPANY F/K/A LC
MANAGEMENT COMPANY; MHC MIDAMERICA
HOLDING CO.; MHC HOLDING CO.; EVERGREEN
HEALTHCARE, INC; GRANCARE, LLC.;
UNIDENTIFIED ENTITIES 1 THROUGH 10 AND
JOHN DOES 1 THROUGH 10
(AS TO BOLIVAR HEALTH & REHABILITATION CENTER)                DEFENDANTS

## ORDER

Defendants, Mariner Health Care, Inc. et al., seek an order to strike witnesses and

exhibits that were not disclosed by the plaintiff during discovery [docket no. 129]. The parties

submitted a pre-trial order to the court on July 2, 2008, while this motion to strike was still

pending. After reviewing the pretrial order, defendants' outstanding motion and the plaintiffs'

response, the court requested that the parties confer and submit a revised pre trial order along

with any objections that remained, to the court by July 8, 2008. The court received the revised

pre trial order, but no revised motion to strike by defendants concerning outstanding issues. The

court has spent considerable time reconciling the issues raised in this motion to strike [docket no.

129] with the revised final pre trial order submitted on July 8, 2008.

In submitting their revised pretrial order of July 8, 2008 , the parties withdrew certain exhibits that had been included on their July 2, 2008 pre-trial order.  Since the July 8, 2008 submission, the plaintiff has withdrawn additional exhibits. Accordingly, the court finds defendants' objections to those exhibits moot. Specifically, the court finds that defendants' motion to strike certain exhibits is as follows:

1.      Exhibit No. 24- moot.

2.      Exhibit No. 31- moot.

3.      Exhibit No. 32- moot.

4.      Exhibit No. 33- moot.

5.      Exhibit No. 35- moot.

6.      Exhibit No. 36- moot.

7.      Exhibit No. 37- moot.

8.      Exhibit No. 38- moot.

9.      Exhibit No. 39- moot.

10.     Exhibit No.40- moot.

11.     Exhibit No. 43- moot.

12.     Exhibit No. 44- moot.

13.     Exhibit No. 46- moot.

14.     Exhibit No. 47- moot.

15.     Exhibit No. 48- moot.

16.     Exhibit No. 49- moot.

17.     Exhibit No. 50- moot

18.     Exhibit No. 53- moot.

19.     Exhibit No. 55- moot.

20.     Exhibit No. 56- moot.

21.     Exhibit No. 58- moot.

22.     Exhibit No. 59- moot.

23.     Exhibit No. 60- moot.

24.     Exhibit No. 61- moot.

25.     Exhibit No. 62- moot.

26.     Exhibit No. 66- moot.

27.     Exhibit No. 68- moot.

28.     Exhibit No. 69-moot.

29.     Exhibit No. 72- moot.

30.     Exhibit No. 74- moot.

31.     Exhibit No. 78- moot. Defendants' original objection number 50 appears to be a
        typographical error by defendants.

32.     Exhibit No. 78- moot.

33.     Exhibit No. 79- moot.

34.     Exhibit No. 80 - moot.

35.     Exhibit No. 81 - moot.

36.     Exhibit No. 82 - moot.

37.     Exhibit No. 83 - moot.

38.     Exhibit No. 84 - moot.

39.     Exhibit No. 85 - moot.

40.     Exhibit No. 86 - moot.

41.     Exhibit No. 90- moot.

42.     Exhibit No. 91- moot.

43.     Exhibit No. 92- moot.

44.     Exhibit No. 94- moot.

45.     Exhibit No. 96- moot.

46.     Exhibit No. 97- moot.

47.     Exhibit No. 98- moot.

48.     Exhibit No. 99- moot.

49.     Exhibit No. 100- moot.

50.     Exhibit No. 101- moot.

51.     Exhibit No. 102- moot.

The court has reviewed the remaining objections contained in defendants' motion to strike along with plaintiff's responses and finds as follows:

1.      Exhibit No. 1- denied. Plaintiff referenced its reliance on any applicable statue and regulation in effect during Brawhaw's residency at defendants' facility in their pleadings and subsequent disclosures. Further, in their expert reports, plaintiff's experts Brown and Lipson identified certain federal regulations that were relevant to the care of Ms. Brawhaw. Admissibility of specific regulations in accordance with the Federal Rules of Evidence, is best determined by the District Court Judge at trial.

2.      Exhibit No. 2-denied. Plaintiff referenced its reliance on any applicable statue and regulation in effect during Brawhaw's residency at defendants' facility in their pleadings and subsequent disclosures. Admissibility of specific regulations in accordance with the Federal Rules of Evidence, is best determined by the District Court Judge at trial.

3.      Exhibit No.3- denied. Plaintiff referenced its reliance on any applicable statue and regulation in effect during Brawhaw's residency at defendants' facility in their pleadings and subsequent disclosures. Further, in their expert reports plaintiff's experts Brown and Lipson identified certain Mississippi regulations that were relevant to the care of Ms. Brawhaw. Admissibility of specific regulations in accordance with the Federal Rules of Evidence, is best determined by the District Court Judge at trial.

4.      Exhibit No.4- denied. Plaintiff referenced its reliance on any applicable statue and regulation in effect during Brawhaw's residency at defendants' facility in their pleadings and subsequent disclosures. Admissibility of specific statues in accordance with the Federal Rules of Evidence, is best determined by the District Court Judge at trial.

5.      Exhibit No. 7- denied. These are defendants' documents that were produced by defendants to the plaintiffs during the discovery phase. It is unclear to the court the basis for defendants' objection; thus the request to strike is denied.

6.      Exhibit No. 8- denied. These are defendants' documents that were produced by defendants to the plaintiffs during the discovery phase. It is unclear to the court the basis for defendants' objection; thus the request to strike is denied.

7.      Exhibit No. 10-denied in part and granted in part. Those documents that do not have a bates stamp are excluded; all other documents may be used as exhibits.

8.      Exhibit No. 11-denied in part and granted in part. Those documents that do not have a bates stamp are excluded; all other document may be used as exhibits.

9.      Exhibit No. 12-denied in part and granted in part. Those documents that do not have a bates stamp are excluded; all other document may be used as exhibits.

10.     Exhibit No. 18- denied in part, granted in part. To the extent that the photographs were

produced by the plaintiff in their responses to requests for production of documents
propounded to plaintiff by defendants dated July 24, 2006, those photographs may be
admitted; all other photographs are excluded.

11. Exhibit No. 19- denied in part, granted in part. To the extent that the photographs were
produced by the plaintiff in their responses to requests for production of documents
propounded to plaintiff by defendants dated July 24, 2006, those photographs may be
admitted; all other photographs are excluded.

12. Exhibit No. 42- granted.  The Oscar reports were disclosed in Plaintiffs' exhibit list dated
June 20, 2008, which was after the discovery deadline of March 13, 2008.

13. Exhibit No. 51- granted.  The Medicaid cost reports were requested by plaintiff, but
defendants objected to such disclosure. *See* defendant National Heritage Realty, Inc.'s
responses to plaintiff's first request for production of documents to all defendants,
defendants' response to request for production #26. There is no evidence that disclosure
of the Medicaid cost reports occurred prior to the discovery deadline of March 13, 2008;
thus the documents are stricken.

14. Exhibit No. 63- granted in part and denied in part.  To the extent that the exhibit is
available at www.sec.gov as stated on page 12 by defendant National Heritage Realty,
Inc. in  their responses to plaintiff's first request for production of documents to all
defendants, the document may be used as an exhibit.

15. Exhibit No. 64- granted in part and denied in part.  To the extent that the exhibit is
available at www.sec.gov as stated on page 12 by defendant National Heritage Realty,
Inc. in  their responses to plaintiff's first request for production of documents to all

defendants,  the document may be used as an exhibit.

16.     Exhibit No. 65- granted in part and denied in part.  To the extent that the exhibit is

available at [www.sec.gov](www.sec.gov) as stated on page 12 by defendant National Heritage Realty,

Inc. in  their responses to plaintiff's first request for production of documents to all

defendants, the document may be used as an exhibit.

17.     Exhibit No. 67- granted in part and denied in part.  To the extent that the exhibit is

available at [www.sec.gov](www.sec.gov) as stated on page 12 by defendant National Heritage Realty,

Inc. in  their responses to plaintiff's first request for production of documents to all

defendants,  the document may be used as an exhibit. Press releases produced by Plaintiff

on June 20, 2008 are stricken as those disclosures were after the discovery deadline of

March 13, 2008.

18.     Exhibit No. 70- granted.  The daily census forms were disclosed in Plaintiffs' exhibit list

dated June 20, 2008, which was after the discovery deadline of March 13, 2008.

19.     Exhibit No. 71- granted.  The monthly census forms were disclosed in Plaintiffs' exhibit

list dated June 20, 2008, which was after the discovery deadline of March 13, 2008.

20.     Exhibit No. 87- denied.  All pleadings in the case are in defendants' possession; thus

there is no basis for the court to strike the pleadings.

 For these reasons, it is

            ORDERED

That the defendants' motion to strike witnesses and exhibits not disclosed or produced during

discovery is GRANTED IN PART, DENIED IN PART and MOOT IN PART.

        In addition, the final pretrial order submitted to the District Court Judge has been

modified by the court to comply with the terms of this order.

THIS the 15th day of July, 2008

_____/s/ S. ALLAN ALEXANDER_____
U.S. MAGISTRATE JUDGE