# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### DELTA DIVISION

SUSIE BRAWHAW, BY AND THROUGH
MAGNOLIA HAYS, NEXT FRIEND, FOR
THE USE AND BENEFIT OF SUSIE BRAWHAW,                  PLAINTIFF,

VS.                                                         CIVIL ACTION NO. 2:06CV194-P-B

MARINER HEALTH CARE, INC., ET AL.,                       DEFENDANT.

## ORDER

This matter comes before the court upon the defendants' July 18, 2008 *ore tenus* motion to limit the plaintiff's recovery to periods not covered by defendants' January 18, 2000 Chapter 11 bankruptcy filed in the Bankruptcy Court in Delaware. After due consideration of the motion and the supporting briefs, the court finds as follows, to-wit:

On January 18, 2000 the defendants filed their Second Amended Joint Plan of Reorganization pursuant to Chapter 11 of the Bankruptcy Code in the U.S. Bankruptcy Court in the District of Delaware. The Debtors' Plan was confirmed on April 3, 2002. The defendants argue that recovery for all claims of personal injury arising before the petition date, January 18, 2000, are barred, in addition to any claims for punitive damages between January 18, 2000 and the effective date of the Debtors' Chapter 11 bankruptcy, which was May 13, 2002.

The plaintiff's decedent, Ms. Susie Brawhaw, resided at the subject nursing home from April 7, 1993 until her death at age 97 on April 12, 2005. The plaintiff filed the instant suit on August 24, 2004.

Accordingly, the defendants argue that the plaintiff may not recover compensatory damages for claims arising between Ms. Brawhaw's residency during April 7, 1993 to January 18, 2000. They

also argue that the plaintiff cannot recover punitive damages for claims arising between January 18, 2000 and May 13, 2002.

The defendants maintain that the plaintiff's law firm, Wilkes and McHugh, entered into a special stipulation with the debtor defendants wherein 109 plaintiffs represented by that firm were allowed, under certain Bankruptcy Court conditions, to pursue their claims against the debtor defendants. The plaintiff in this case was not included in the stipulation. The defendants argue that the plaintiff's law firm knew of the Chapter 11 bankruptcy and the effect it would have on Ms. Brawhaw's pre-May 13, 2002 claims. The defendants therefore contend that the plaintiff in this case is charged with actual knowledge of the Chapter 11 bankruptcy because of her law firm's knowledge. Furthermore, the defendants argue that the plaintiff was an unknown creditor and was therefore entitled only to constructive notice of the bankruptcy.

Defendants assert that pursuant to 11 U.S.C. § 1144, the plaintiff had 180 days after entry of the May 13, 2002 Confirmation Order to apply for relief from the order and did not do so. Since the Confirmation Order became a final judgment equivalent to one from a District Court, the defendants argue pursuant to Fed. R. Civ. P. 60(c) that the plaintiff in the instant case is not entitled to relief from the judgment given that more than a year has passed since its entry.

Having considered the defendants' arguments, the court concludes that their *ore tenus* motion should be denied. First, the motions deadline in this case expired on March 28, 2008. The instant motion was made orally during a July 18, 2008 conference call, well after the motions deadline and the pretrial conference and pretrial order. Second, the defendants cite no authorities standing for the proposition that the plaintiff's law firm's knowledge of the Chapter 11 bankruptcy can be imputed to the plaintiff. Third, the defendants' arguments regarding the 180-day period to seek relief from

the Confirmation Order pursuant to 11 U.S.C. § 1144 and the one-year period provided by Fed. R. Civ. P. 60(c) are without merit given that the instant lawsuit was filed on August 24, 2004 – over two years after entry of the Confirmation Order. The plaintiff and her mother had no notice of the Confirmation order.

Finally, the court has already ruled upon the issue of whether the plaintiff can be said to have received constructive notice in its September 23, 2004 Memorandum Opinion and Order denying the same defendants' Motion for Partial Summary Judgment on Plaintiff's Punitive Damages Claims in *Mildred Jones ex rel. Alberta Johnson v. National Heritage Realty, Inc., et al.*, Cause Number 4:03Cv004-P-B. The *Jones* case involved the same January 18, 2000 Chapter 11 bankruptcy that is at issue in this case. In *Jones*, the same defendants argued that the plaintiff was an unknown creditor and was therefore only entitled to constructive, rather than actual notice. The court ruled that since the plaintiff in that case was a resident of one of the debtor defendants' nursing homes, there is no reason they could not have known the identity of all of its residents and the plaintiff should have therefore received actual notice, which she did not. Alternatively, the court ruled that even if the plaintiff was only entitled to constructive notice, notice published in one issue of the *Wall Street Journal* and *USA Today* was not adequate to notify the plaintiff of the Chapter 11 bankruptcy and its consequences. Citing *Tulsa Professional Collection Services, Inc. v. Pope*, 485 U.S. 478, 484 (1988) ("Whether a particular method of notice if reasonably calculated to reach interested parties depends upon the particular circumstances of each case."), the court concluded that  the notice was not adequate given Alberta Johnson's status as a disabled, nursing home patient. More specifically, the court wrote:

> Nursing homes are institutions designed specifically to care for patients who require constant supervision by medical personnel, quite often until the patients' death.

Many, if not most, of Mariner Healthcare's nursing-home patients have impaired cognition at the very least. A company that operates nursing homes must surely be required to do more than publish a complicated notice of a complicated bankruptcy procedure that could have material effects on their patient's rights in only two national newspapers that are unlikely to make their way into the hands or minds of those patients. In any event, there is no evidence in this case that the Greenwood Health & Rehabilitation Center even received the *Wall Street Journal* or *USA Today*. Nor is there any evidence that Mildred Jones was capable of comprehending such notice even if her nursing home did receive said papers.

*Jones* Opinion at 6.

The court concludes that its Opinion in the *Jones* case is equally applicable to the instant case and hereby adopts and incorporates the reasoning of that Opinion herein. A copy of the *Jones* opinion will be filed along with this Order.

**IT IS THEREFORE ORDERED AND ADJUDGED** that defendants' July 18, 2008 *ore tenus* motion to limit the plaintiff's recover to periods not covered by defendants' January 182, 2000 Chapter 11 bankruptcy filed in the Bankruptcy Court in Delaware is **DENIED**.

**SO ORDERED** this the 25th day of July, A.D., 2008.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE